E-FILED
Friday, 20 September, 2019  01:34:58 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| DANIEL DENEEN, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF YINGYING ZHANG, DECEASED, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No. 2:19-cv-2149-CSB-EIL |
| THOMAS G. MIEBACH, JENNIFER R. MAUPIN, and BRENDT A. CHRISTENSEN, | ) ) ) ) | |
| *Defendants*. | ) ) | |

## MOTION OF DEFENDANTS THOMAS G. MIEBACH AND JENNIFER R. MAUPIN FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Thomas G. Miebach and Jennifer R. Maupin (collectively, the "Defendant Social Workers"), by their undersigned counsel, respectfully request leave of the Court, pursuant to Local Rule 7.1(F), to submit the accompanying opinion (attached as **Exhibit A**) as supplemental authority in support of their Motion to Dismiss the Complaint of Plaintiff Daniel Deneen, as Independent Administrator of the Estate of Yingying Zhang, Deceased ("Estate") (ECF Nos. 6-7). In support, the Defendant Social Workers state as follows:

1.      The Estate alleges that Yingying Zhang's ("Ms. Zhang") death at the hands of Brendt Christensen ("Christensen") resulted from a danger heightened by the state-employed Defendant Social Workers' purported conduct in undertaking and then ceasing treatment of Christensen's mental health issues. This theory of liability under 42 U.S.C. § 1983 is premised on the putative "state-created danger" exception to the "*DeShaney* rule," which holds the Due Process

Clause generally does not impose upon the state a duty to protect individuals from harm by private actors.[1] *See, e.g., DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989).

2.      On August 19, 2019, the Defendant Social Workers filed their Motion to Dismiss the Complaint. As to the federal claims, the Defendant Social Workers argued, *inter alia*: (i) the Complaint does not plausibly allege any of the elements[2] necessary to plead a state-created danger claim; and (ii) the Defendant Social Workers are entitled to qualified immunity.

3.      On September 18, 2019, thirty days after the Defendant Social Workers filed their Motion to Dismiss, the Seventh Circuit issued its ruling in *Weiland & Chrones v. Loomis*, No. 18-2504, *slip op.* (7th Cir. Sep. 18, 2019). A true and correct copy of the *Weiland* opinion is attached hereto as **Exhibit A**.

4.      *Weiland* is directly relevant to the Defendant Social Workers' Motion to Dismiss, as *Weiland* (i) turns on the same theory of qualified immunity set forth in the Motion to Dismiss, and (ii) addresses the narrow scope of the state-created danger exception to the *DeShaney* rule.

5.      In *Weiland*, a suicidal pretrial detainee was taken to a local hospital, where correctional officer Shawn Loomis ("Loomis") was instructed to keep him shackled. *Weiland, slip op.* at 1-2. Loomis disobeyed that order when the detainee claimed to need to use the bathroom. *Id.* at 1. When the detainee grabbed Loomis' gun and escaped, Loomis allegedly ran and hid. *Id.* at 1-2. For the next three hours, the detainee terrorized hospital patrons, took nurses hostage, and assaulted two of them, before he was finally killed by SWAT. *Id.* at 2. The district court held that

---

[1] The Estate also alleges a theory of negligence under state law. The Defendant Social Workers' proposed supplemental authority is not germane to those claims.
[2] Per *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 654 (7th Cir. 2011), the elements of a state-created danger claim are: (1) defendants, through their affirmative acts, created or increased a danger that the victim faced, (2) their failure to protect proximately caused the injuries alleged, and (3) their failure to protect shocks the conscience.

Loomis increased the danger by removing the detainee from his shackles, negligently permitting him to get the gun, and running away. *Id.* at 3. Because it should have been obvious to any guard that armed prisoners must not be turned loose in hospitals, the district court found that the hospital patrons' rights were clearly established and denied Loomis qualified immunity. *Id.*

6.      The Seventh Circuit reversed the district court, and two elements of its ruling are directly relevant to the present case and the Social Worker Defendants' Motion to Dismiss.

7.      <u>First</u>, the Seventh Circuit reversed on qualified immunity grounds, holding that while the qualified immunity inquiry does not require identification of a case identical to the one at hand to demonstrate that a right is clearly established, it does require a level of specificity that "establishes the rule in a way that tells a public employee what the Constitution requires in the situation that employee faces." *Id.* at 5. The court held that a constitutional obligation cannot be said to be clearly established "when every appellate court that has addressed the question has held that the proposed obligation does not exist." *Id.* at 6.

8.      Here, the Social Worker Defendants have argued that, "[a]t the time of the Social Workers' contact with Christensen, no Supreme Court or Seventh Circuit precedent pronounced a due process obligation to protect Ms. Zhang or any other person from Christensen's private violence." (ECF No. 7 at 18). Citing a trio of controlling cases, the Defendant Social Workers noted, "Indeed, all precedent is directly to the contrary." (*Id.*). This theory of qualified immunity protection is jurisprudentially identical to that espoused by the *Weiland* court. Because *Weiland* directly supports the Defendant Social Workers' qualified immunity argument in the same legal context of a state-created danger claim, it should be considered by the Court as recent supplemental authority.

9.      <u>Second</u>, the *Weiland* court disapproved of the district court's merits finding on the state-created danger exception. *Weiland, slip op.* at 6. Discussing the narrow scope of the exception, the court noted that none of the exception's elements "has its provenance in *DeShaney*"; if the three-element test were taken literally, the approach "would have justified liability in *DeShaney*." *Id.* at 6-7. The Seventh Circuit cautioned lower courts to "step back and ask whether local jurisprudence matches the instructions from higher authority," as *DeShaney* itself merely "hinted that the Constitution *might* support liability when a state has a duty that 'arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf.'" *Id.* at 7 (quoting *DeShaney*, 489 U.S. at 200).

10.     Here, the Estate has alleged no facts indicating its claims arise from such a limitation. As argued in the Motion to Dismiss, the Complaint turns on conclusory, ill-defined allegations that fail to plead any of the state-created danger exception's three elements as a matter of law. (ECF No. 7 at 5-11). With *Weiland*, the Seventh Circuit has cast doubt on the viability of the Estate's claim even if it could satisfy those three elements, though it does not. Instead, *Weiland* expresses a new narrowing standard, one premised on a defendant's imposition of a limitation on a victim's freedom to act on her own behalf. Nothing of the sort is alleged in the Complaint. As *Weiland* directly impacts the standard through which district courts must interpret exceptions to the *DeShaney* rule, it bears heavily on this case, and it should be considered by the Court as recent supplemental authority.

WHEREFORE, for the foregoing reasons, the Social Workers respectfully request this Court grant them leave to submit *Weiland & Chrones v. Loomis*, No. 18-2504, *slip op.* (7th Cir. Sep. 18, 2019), as supplemental authority in support of its Motion to Dismiss, and grant such other and further relief as the Court deems necessary or appropriate.

Dated: September 20, 2019                              Respectfully submitted,

                                                       GREENBERG TRAURIG, LLP

                                                       */s/ Gregory E. Ostfeld*
                                                       Gregory E. Ostfeld
                                                       John F. Gibbons
                                                       Tiffany S. Fordyce*
                                                       Thomas J. Sotos
                                                       Scott Dorsett*
                                                       *applications for admission forthcoming
                                                       77 W. Wacker Drive, Suite 3100
                                                       Chicago, Illinois 60601
                                                       Tel: (312) 456-8400

                                                       *Attorneys for Defendants Thomas G. Miebach and Jennifer R. Maupin*

## CERTIFICATE OF SERVICE

The undersigned certifies that the **MOTION OF DEFENDANTS THOMAS G. MIEBACH AND JENNIFER R. MAUPIN FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS** was served via this Court's ECF system on this 20th day of September, 2019 on the following counsel of record:

James C. Pullos
Clifford Law Offices, P.C.
120 N LaSalle St., Suite 3100
Chicago, IL 60602


By:     _/s/ Gregory E. Ostfeld_____
        Gregory E. Ostfeld